United States District Court
Southern District of Texas
**ENTERED**
September 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DANIEL CISNEROS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-cv-216 |
| | § | |
| JOSE GARCIA D/B/A 3G CARRIERS *et al.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court referred Plaintiff's Motion to Remand and Motion for Leave to Amend to United States Magistrate Judge Diana Song Quiroga (Dkt. No. 8). Judge Song Quiroga recommended Plaintiff's Motion to Remand be granted because there is arguably a reasonable basis for predicting that non-diverse Defendant Jose Garcia d/b/a 3G Carriers ("Garcia") may be liable under state law (Dkt. No. 9 at 7). After review of the Report, Defendants' objections, and the applicable law, the Court **ADOPTS IN WHOLE** the Report and Recommendation (*see* Dkt. No. 9).

**I. BACKGROUND**

On December 9, 2024, Plaintiff Daniel Cisneros and Defendant Dante Borjas De La Paz's vehicles collided because, as Cisneros contends, De La Paz made an improper and unsafe left turn (Dkt. No. 4-1 at 4). Cisneros sued Garcia and De La Paz in state court for various causes of action, seeking damages in excess of $1,000,000 (Dkt. No. 1-1 at 5–8). According to Cisneros, De La Paz operated a tractor-trailer owned by "3G Carriers" on the date of the collision (Dkt. No. 4-1 at 3). Months later, Cisneros amended his petition to add Defendant Elsa Amabel Tamez Rivera d/b/a 3G Carriers[1] ("Tamez Rivera") (Dkt. No. 4-1 at 1–2).

[1] The Court notes that Plaintiff's Amended Petition names "Elsa Garcia," however, following her addition, she is referred to as "Elsa Amabel Tamez Rivera" (Dkt. Nos. 4-1 at 1–2; 1 at 1).

Tamez Rivera and De La Paz removed this action based on diversity jurisdiction (Dkt. No. 1 at 1). They contend that Garcia was improperly joined, arguing that he neither owned the vehicle involved in the collision nor employed De La Paz (Dkt. No. 1 at 3). Shortly after, Cisneros moved to remand this action back to state court (Dkt. No. 4). He contends that he pled a viable claim against Garcia since there is evidence to demonstrate that Garcia was De La Paz's employer at the time of the accident (Dkt. No. 4 at 3–4)

In her report, Judge Song Quiroga determined that Defendants failed to meet their heavy burden to demonstrate that Garcia is improperly joined (Dkt. No. 9 at 7). In reaching this decision, she pierced the pleadings and considered the evidence attached to Cisneros's motion to remand (Dkt. No. 9 at 5). Since the Court lacks diversity jurisdiction, Judge Song Quiroga recommended remanding this action back to the state court (Dkt. No. 9 at 7–8). She also found that the Court lacks jurisdiction to resolve Plaintiff's motion for leave to amend (Dkt. No. 9 at 8). Defendants timely filed objections to Judge Song Quiroga's report (Dkt. No. 10). They argue that she improperly considered Plaintiff's extrinsic evidence (Dkt. No. 10 at 3).

## II. LEGAL STANDARDS

### A. Objections to Magistrate Report

When a party files specific written objections to a magistrate judge's proposed findings and recommendations, the district court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under this standard, a court "independently [analyzes] the applicable facts and legal standards without deference to the magistrate judge's findings." *Rodriguez-Zubia v. GEO Del Rio, TX*, No. DR-20-CV-0067-AM-VRG, 2021 WL 11680459, at *1 (W.D. Tex. Sept. 13, 2021) (citation omitted); *see also United*

*States v. Raddatz*, 447 U.S. 667, 674–76 (1980). Even so, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (citation omitted).

**B. Diversity Jurisdiction**

Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the parties are, as relevant here, citizens of different states. *See* 28 U.S.C. § 1332(a); *see also I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023). If a case initially filed in state court satisfies these jurisdictional requirements, a defendant may remove the case to federal court. 28 U.S.C. § 1441(a). Uncertainties about jurisdiction are resolved in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (citation omitted). The removing party bears the burden of establishing jurisdiction. *See Shearer v. Sw. Serv. Life Ins.*, 516 F.3d 276, 278 (5th Cir. 2008) (citing *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1147(c).

## III. DISCUSSION

**A. Joint Stipulation of Dismissal with Prejudice**

Ordinarily, Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a plaintiff may dismiss an action without a court order by filing a "stipulation of dismissal signed by all parties who have appeared." However, this rule is not without limitation; it is subject to "any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). Indeed, courts have declined to permit a voluntary dismissal "to avoid short-circuiting the judicial process" or when other special interests are at stake. *E.g.*, *Green v. Nevers*, 111 F.3d 1295, 1301

(6th Cir. 1997); *see also Smith v. Sch. Bd. of Concordia Par.*, 181 F.4th 629, 640 (5th Cir. 2026) (Stewart, J., concurring) ("[A] district court facing a purported stipulated dismissal may indeed need to take action to determine whether other Rules interfere with blanket acceptance.").

While the Court would not generally insert itself, it cannot ignore the Magistrate Judge's finding that this action lacked jurisdiction from its inception (Dkt. No. 9 at 7). And the existence of "***any*** viable cause of action against a diversity-destroying party requires the entire case to be remanded." *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 815 (5th Cir. 2021) (citations omitted). Accordingly, the Court cannot give effect to the parties' stipulation of dismissal (Dkt. No. 12).[2]

**B. Defendants' Objections**

Defendants challenge Judge Song Quiroga's Report alleging she improperly considered Plaintiff's extrinsic evidence because pleading piercing is only applicable to *retain* federal jurisdiction (*see* Dkt. No. 10 at 3–4). The Court disagrees.

"Improper joinder occurs when a plaintiff is unable 'to establish a cause of action against the non-diverse party in state court.'" *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (quoting *Smallwood v. Ill. Cent. R.*, 385 F.3d 568, 572 (5th Cir. 2004)). To resolve whether a plaintiff can establish a cause of action against the non-diverse party, a "court may either conduct a Rule 12(b)(6)–type analysis . . . or, in its

[2] The Court recognizes that the Fifth Circuit has historically taken a stringent position that Rule 41(a)(1)(A)(ii) dismissals automatically divest a district court of its jurisdiction. *See Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018)); *see also SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010) (quoting *Meinecke v. H & R Block of Hou.*, 66 F.3d 77, 82 (5th Cir.1995)). The Court's analysis does not contravene this established authority because here, the Rule 41 dismissal is "subject to" § 1332(a). *See* Fed. R. Civ. P. 41(a)(1)(A) (dismissal is subject to "any applicable federal statute"). Moreover, this discussion is all but a technical one—the Rule 41 dismissal could not have divested the Court of jurisdiction as it lacked subject matter jurisdiction from the outset.

discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (citation modified) (quoting *Smallwood*, 385 F.3d at 573). "If the court determines that the complaint has 'misstated or omitted discrete facts that would determine the propriety of joinder,' it has the discretion to 'pierce the pleadings and conduct a summary inquiry' to determine whether a cause of action could exist." *Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023) (quoting *Smallwood*, 385 F.3d at 573). The party alleging improper joinder bears a "heavy" burden. *Id.* Any ambiguities are construed against removal and in favor of remand to state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citations omitted).

Defendants' argument rests chiefly on *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 347 (5th Cir. 2013), *abrogated on other grounds by Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 201–08. In *Akerblom*, an unpublished opinion, the Fifth Circuit determined that the district court did not abuse its discretion in declining to consider plaintiff's affidavit filed in support of his motion to remand. 509 F. App'x at 347. However, there, plaintiff abandoned several of his claims against the non-diverse defendant, conceded several elements of his contract claim, and he failed to adequately plead his fraud claim. *Id.* at 345–46. The court concluded that plaintiff's state court petition and federal court amended complaint were "insufficient on their face." *Id.* at 347.

Nonetheless, the Fifth Circuit stated: "It is rarely appropriate, however, to 'pierce the pleadings', and then only when ***a defendant*** can point to undisputed facts that would preclude a plaintiff's recovery against it in state court. *Id.* (first citing *Smallwood*, 385 F.3d at 573; and then citing *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003). Defendants interpret this excerpt to mean "extrinsic evidence may be considered only to <u>preclude</u>

plaintiff's recovery against the in-state defendant, not to support recovery" (Dkt. No. 10 at 4). Their interpretation is inconsistent with *Smallwood* and its progeny.

In *Jack*, a recent Fifth Circuit published opinion, the unanimous majority discussed two decisions where the courts considered the plaintiffs' evidence to find that they properly joined the non-diverse parties. 79 F.4th at 559–60 (first citing *Ford v. Elsbury*, 32 F.3d 931, 939 (5th Cir. 1994); and then citing *Garrett v. AEP River Operations, LLC*, No. CV 15-5562, 2016 WL 945056, at *2 (E.D. La. Mar. 14, 2016)). First, in *Ford*, the district court pierced the pleadings to consider plaintiff's expert affidavits and regulatory documents, which directly contradicted defendant's affidavit and deposition testimony. 32 F.3d at 936–37. On appeal, the Fifth Circuit reversed the lower court's denial of remand since plaintiffs' evidence raised "the possibility that [plaintiffs] could succeed in establishing a claim" under state law against the non-diverse defendant. *Id.* at 939. Next, in *Garrett*, the district court considered plaintiffs' emails and reports, along with defendant's sworn declaration. 2016 WL 945056, at *3. The *Garrett* court determined a factual dispute that went to the merits of the plaintiffs' claim existed, and given the parties' proffered evidence, found that the non-diverse defendant was properly joined, requiring remand. *Id.* at *3–4.

In discussing these decisions, the Fifth Circuit did not criticize the lower courts' review of the plaintiffs' evidence to support a viable state law claim. *See Jack*, 79 F.4th at 559–60. Rather, a district court's consideration of a plaintiff's evidence necessarily follows when a court embarks on a summary inquiry. *See id.* at 559. What is more, *Ford* specifically relied on the plaintiff's evidence to support reversing the district court's fraudulent joinder determination. 32 F.3d at 559. Based on this guidance, the Court declines to follow Defendants' narrow interpretation.

Beyond *Akerblom*, Defendants also cite several other district court opinions to support their argument that a district court's discretion to pierce the pleadings is limited to finding a claim precluded (Dkt. No. 10 at 4–5). Of course, none of the cases cited are binding on this Court. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case" (citation omitted)). At any rate, the Court is aware of several sister court decisions which have unmistakably considered the plaintiffs' proffered evidence to support a finding that they have a possibility of recovery against non-diverse defendants. *See, e.g.*, *St. Charles Surgical Hosp. LLC v. HUB Int'l, Ltd.*, 535 F. Supp. 3d 588, 596–97 (E.D. La. 2021) (relying on blog posts and affidavits to find a possibility of recovery against the non-diverse defendant); *Wells v. Comercializadora Salazar Rodriguez S de Rl de CV*, No. SA-24-CV-00320-JKP, 2024 WL 2194858, at *3, *6 (W.D. Tex. May 15, 2024) (Pulliam, J.) (finding remand is warranted based on an accident report and defendant's corporate filings). The Court is not persuaded by Defendants' cited authority.

As a result, the Court finds Judge Song Quiroga was within her discretion to pierce the pleadings based on the conflicting evidence regarding ownership of the tractor-trailer. The parties chiefly disagreed whether Garcia or Tamez Rivera was De La Paz's employer (Dkt. Nos. 4 at 1–2; 5 at 1). Cisneros contends Garcia is De La Paz's employer based on the crash report's address, the truck's USDOT number, and pictures taken at the accident (Dkt. No. 4 at 2–3). Defendants maintain Tamez Rivera is De La Paz's employer but only point to her state court verified denial asserting Garcia is not De La Paz's employer (Dkt. No. 1-4 at 2). Even so, "[t]his Court must resolve all factual issues, doubts as to the propriety of removal, and ambiguities in favor of the [plaintiff], that is, in favor

of remand." *Wells*, 2024 WL 2194858, at *5 (citation omitted). Based on Cisneros's proffered evidence, there is a reasonable belief that Garcia employed De La Paz.

Therefore, Defendants failed to satisfy their heavy burden to demonstrate improper joinder based on Cisneros's claim that Garcia is vicariously liable for De La Paz's negligence under the statutory employment doctrine and respondeat superior (Dkt. No. 4-1 at 6). *Jack*, 79 F.4th at 555. Based on the Amended Petition, a Texas Plaintiff sued a Texas Defendant (Dkt. No. 4-1 at 1). The outcome is thus simple—the parties are not completely diverse, this Court cannot exercise jurisdiction over the action, and it must remand it to the state court. *See* 28 U.S.C. § 1147(c).

## IV. CONCLUSION

Accordingly, the Court hereby **ADOPTS** the Report (Dkt. No. 9) **IN WHOLE**. Plaintiff's Motion to Remand (Dkt. No. 4) is **GRANTED**. Plaintiff's Motion for Leave to Amend (Dkt. No. 6) is **DENIED AS MOOT** for lack of jurisdiction. Defendants' Objections to Magistrate Judge's Report and Recommendation (Dkt. No. 10) are **OVERRULED**.

The Court **REMANDS** this civil action to the 49th Judicial District Court of Webb County, Texas. The Clerk of Court is **DIRECTED** to **CLOSE** this civil action and mail a certified copy of this order to the clerk of the state court. *See* 28 U.S.C. § 1447(c).

It is so **ORDERED**.

**SIGNED** September 8, 2026.

Marina Garcia Marmolejo
United States District Judge